IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-01157-BNB

(The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.)

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

ZITA WEINSHIENK,
BOYD BOLAND, and
COUNSELOR MADISON,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 - 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DIRECTING PLAINTIFF TO CURE DEFICIENCY

---

Plaintiff has submitted a Prisoner Complaint.[1] He has failed either to pay the

---

[1] Before proceeding, I address *sua sponte* whether I must recuse myself in view of the fact that the Plaintiff has named me as a defendant in this action. Recusal is not necessary or appropriate under the facts of this case. As the Tenth Circuit Court of Appeals noted in <u>Switzer v. Berry</u>, 198 F.3d 1255, 1257-58 (10th Cir. 2000), the provisions of 28 U.S.C. § 455 are "not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." Under substantially similar facts, and in a case cited by the circuit court with approval in its decision in <u>Switzer v. Berry</u>, 198 F.3d at 1258, a district court refused to recuse, stating:

> The language of [28 U.S.C. § 455(b)(5)(i)] requires disqualification where the judge is a party to the proceeding, and it implies automatic disqualification. The Section, however, has been construed by courts as not requiring automatic disqualification. One reason courts have refused to interpret the section literally is to prevent the plaintiffs from "judge shopping"; if Section 455(b)(5)(i) required automatic disqualification, plaintiffs might name a judge as a defendant to get a new (and perhaps more favorably inclined) judge.
>                     \* \* \*

$350.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted document is deficient as described in this order. Notwithstanding the deficiencies, the clerk of the court will be directed to commence a civil action. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers which the Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit:**
(1) __X__ is not submitted
(2) ____ is missing affidavit
(3) ____ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ____ is missing required financial information
(5) ____ is missing an original signature by the prisoner
(6) ____ is not on proper form (must use the court's current form)
(7) ____ names in caption do not match names in caption of complaint, petition or habeas application
(8) ____ An original and a copy have not been received by the court. Only an original has been received.
(9) __X__ other: motion is necessary only if filing fee is not paid in advance.

---

If this Court were to disqualify itself and require [reassignment of] the case to another district judge, plaintiffs would sue the new district judge and so on and so on. . . . The Court will not allow plaintiffs to impede the administration of justice by suing every district court judge in the Northern District of Illinois until their case is transferred out of the Seventh Circuit.

Anderson v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) (internal citations omitted).

    I have carefully reviewed the Plaintiff's Complaint in this action, and I find that here, as in Anderson, the Plaintiff does not have any legitimate basis for suing me. The action really is founded on the Plaintiff's dissatisfaction with my earlier rulings in other cases and, as the Supreme Court has noted, judicial rulings alone almost never constitute a valid basis for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994).

2

**Complaint, Petition or Application:**
(10) ___ is not submitted
(11) _X_ is not on proper form (must use the court's current form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ An original and a copy have not been received by the court. Only an original has been received.
(16) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(17) ___ names in caption do not match names in text
(18) ___ other _____

Accordingly, it is

ORDERED that the clerk of the court commence a civil action in this matter. It is

FURTHER ORDERED that the Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order.** Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail to the Plaintiff, together with a copy of this order, two copies of the following form(s): Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915; Prisoner Complaint. It is

FURTHER ORDERED that, if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order,** the complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED at Denver, Colorado, this 30th day of May, 2008.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. '08-CV-01157-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint** to the above-named individuals on 6/2/8 .

GREGORY C. LANGHAM, CLERK

By: _____
  Deputy Clerk